IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANTONIO TRUJILLO RODRIGUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-17-1276-D |
| | ) | |
| GREAT PLAINS CORRECTIONAL | ) | |
| FACILITY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# O R D E R

This matter is before the Court for review of the Report and Recommendation issued

by United States Magistrate Judge Bernard M. Jones pursuant to 28 U.S.C. § 636(b)(1)(B)

and (C) on May 28, 2019.   Judge Jones recommends upon initial screening of the Second

Amended Complaint that Plaintiff's action should be dismissed for lack of subject matter

jurisdiction and that all pending motions should be denied as moot.

Plaintiff, a federal inmate appearing *pro se* and *in forma pauperis*, has made no

timely objection nor requested additional time to object.[1]   Therefore, the Court finds that

Plaintiff has waived further review of all issues addressed in Judge Jones' Report.   *See*

*Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121*

*E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

---

[1]   On July 12, 2019, acting *sua sponte*, the Court granted a 30-day extension of time for
Plaintiff to object, and directed the Clerk to mail a second copy of the Report to Plaintiff using a
new address provided by his Notice of Change of Address filed June 4, 2019.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 60] is ADOPTED in its entirety. This action is DISMISSED for lack of subject matter jurisdiction. A separate judgment of dismissal without prejudice shall be entered.[2]

IT IS FURTHER ORDERED that Defendants' Motions to Dismiss [Doc. Nos. 38 and 58] and Plaintiff's Motion for Appointment of Counsel [Doc. No. 56] are DENIED as moot.

IT IS SO ORDERED this 26th day of August, 2019.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[2] Because the Court lacks jurisdiction, the dismissal must be without prejudice to refiling, even if refiling would be futile. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006); *see also McCracken v. Progressive Direct Ins. Co.*, 896 F.3d 1166, 1171 (10th Cir. 2018); *Barnes v. United States*, 776 F.3d 1134, 1151 (10th Cir. 2015).